UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

TOUSA, INC., *et al.,*

        Debtors.

Case No. 08-10928-JKO
Chapter 11 Cases
(Jointly Administered)

_____/

TOUSA HOMES, INC.,

        Plaintiff,

v.

FOSSIL CREEK DRYWALL, INC.,

        Defendant.

Adv. Pro. No. _____

_____/

## COMPLAINT TO AVOID PREFERENTIAL TRANSFERS
## PURSUANT TO 11 U.S.C. § 547 AND TO RECOVER
## PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

TOUSA Homes, Inc. (the "Plaintiff" or the "Debtor"), pursuant to 11 U.S.C. §§ 547 and 550, sues Fossil Creek Drywall, Inc. (the "Defendant") to avoid and recover preferential transfers, and in support thereof, alleges that:

### NATURE OF THE CASE

1.    By this Complaint, Plaintiff seeks to avoid and recover from Defendant all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of Defendant by the Plaintiff during the 90-day period prior to the filing of the Debtor's bankruptcy petition. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's chapter 11 estate (collectively, the

B E R G E R   S I N G E R M A N
attorneys at law

*Boca Raton   Fort Lauderdale   Miami   Tallahassee*

TRACK 4

"Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claim(s) for any reason including, but not limited to, 11 U.S.C. § 502(a) through (j), and such rights are expressly reserved.

## JURISDICTION AND VENUE

2.      Pursuant to 28 U.S.C. §§ 1334(b) and 157, this Court has subject-matter jurisdiction over this adversary proceeding, which arises under title 11 of the United States Code.

3.      This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2)(F).

4.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1409.

## BACKGROUND

5.      The bankruptcy case of the Debtor was commenced on January 29, 2008 (the "Petition Date") when the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

6.      Plaintiff is a debtor in possession in these jointly administered chapter 11 cases.

7.      Defendant is an entity with a principal place of business at 528 W. 67th St., Loveland, CO 80538.

8.      Prior to the Petition Date, the Debtor made payment(s) to the Defendant totaling $118,609.99. The Plaintiff sent a letter to the Defendant demanding the return of the preferential payments.

## CLAIMS FOR RELIEF

### COUNT 1
#### (Avoidance of Preference Transfers - 11 U.S.C. § 547)

9.      Plaintiff incorporates each and every allegation contained in paragraphs 1 through 8 above as if fully set forth herein.

-2-

BERGER SINGERMAN      *Boca Raton   Fort Lauderdale   Miami   Tallahassee*
attorneys at law

TRACK 4

10.     On or within 90 days before the Petition Date, that is, between October 31, 2007 and January 29, 2008 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers or otherwise to certain entities, including Defendant.

11.     The Debtor transferred property of the Debtor to Defendant during the Preference Period in an amount not less than $118,609.99 (the "Transfers"). Attached hereto as "Exhibit A" and incorporated herein by reference is a list of the Transfers presently known to Plaintiff to have been made by the Debtor to the Defendant.

12.     During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to Defendant's name, and/or (iv) additional defendants, (collectively, the "Amendments"), that may become known and to request that the Amendments relate back to this original Complaint.

13.     Defendant was a creditor within the mean of 11 U.S.C. § 101(10)(A) of the Debtor at the time of the Transfers. At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

14.     The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

15.     The Transfers were for, or on account of, antecedent debts owed by the Debtor before the Transfers were made.

16.     The Transfers constituted a transfer of an interest of the property of the Debtor.

-3-

17.    The Debtor was insolvent at all times during the 90 days prior to the Petition Date.

18.    As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtor's case were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its claims under the provisions of the Bankruptcy Code.

19.    In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

**COUNT II**
**(Recovery of Avoided Transfers - 11 U.S.C. § 550)**

20.    Plaintiff hereby incorporates the allegations in paragraphs 1 through 19 as if fully re-alleged herein.

21.    Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

22.    Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

23.    Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Transfers from Defendant, plus interest thereon to the date of payment and the costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court: (a) enter a judgment against the Defendant as to Counts I and II of the Complaint; (b) avoid the Transfers pursuant to 11 U.S.C. § 547 in the amount of $118,609.99, and to the extent they are avoided, grant recovery thereof to Plaintiff pursuant to 11 U.S.C. § 550; (c) award pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein; (d) order that, in

-4-

BERGER SINGERMAN          *Boca Raton    Fort Lauderdale    Miami    Tallahassee*
attorneys at law

TRACK 4

accordance with 11 U.S.C. § 502(d) and (j), any Claims held by Defendant and/or its assignee be

disallowed; and (e) grant such other and further relief as the Court deems just and proper.

    **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this Court set forth in Local Rule 2090-1(A).

Dated: January ____, 2010            Respectfully submitted,

                                      BERGER SINGERMAN, P.A.
                                      Attorneys for Plaintiff
                                      200 S. Biscayne Blvd., Ste. 1000
                                      Miami, FL  33131
                                      Telephone:  (305) 755-9500
                                      Facsimile:  (305) 714-4340

By:   */s/ Kristopher Aungst*
                     Paul Steven Singerman
                     Florida Bar No. 378860
                     singerman@bergersingerman.com
                     Kristopher Aungst
                     Florida Bar No. 55348
                     kaungst@bergersingerman.com

**BERGER SINGERMAN**
attorneys at law        *Boca Raton   Fort Lauderdale   Miami   Tallahassee*

TRACK 4

| Legal Entity | Vendor Number | Vendor Name | Check Number | Check Date | Check Clear Date | Net Amount |
|---|---|---|---|---|---|---|
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 12618 | 20071226 | 20080102 | 5,718.05 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 12618 | 20071226 | 20080102 | 6,010.70 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 12618 | 20071226 | 20080102 | 4,909.31 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 12618 | 20071226 | 20080102 | 5,718.05 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 12618 | 20071226 | 20080102 | 6,010.70 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 14035 | 20080109 | 20080116 | 5,718.05 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 14035 | 20080109 | 20080116 | 5,718.05 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 14035 | 20080109 | 20080116 | 5,222.78 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 14035 | 20080109 | 20080116 | 5,222.78 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 14035 | 20080109 | 20080116 | 5,718.05 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 14035 | 20080109 | 20080116 | 5,718.05 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 14035 | 20080109 | 20080116 | 5,222.78 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 14035 | 20080109 | 20080116 | 5,222.78 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 14035 | 20080109 | 20080116 | 5,718.05 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 14035 | 20080109 | 20080116 | 5,222.78 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 14035 | 20080109 | 20080116 | 5,222.78 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 16469 | 20080122 | 20080128 | 5,718.05 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 16469 | 20080122 | 20080128 | 6,010.70 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 16469 | 20080122 | 20080128 | 5,718.05 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 16469 | 20080122 | 20080128 | 6,010.70 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 93203 | 20071024 | 20071031 | 275.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 95044 | 20071106 | 20071109 | 101.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 95044 | 20071106 | 20071109 | 65.80 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 95044 | 20071106 | 20071109 | 155.45 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 95044 | 20071106 | 20071109 | 85.80 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 95044 | 20071106 | 20071109 | 125.80 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 95044 | 20071106 | 20071109 | 495.00 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 95044 | 20071106 | 20071109 | 138.30 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 96256 | 20071115 | 20071123 | 125.80 |
| TOUSA Homes, Inc | M057 | Fossil Creek Drywall | 96256 | 20071115 | 20071123 | 65.80 |

TRACK 4

**Total**      **118,609.99**

TRACK 4